Paul Smith (CA State Bar No. 96719)
Gwen Fanger (CA State Bar No. 191161)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: paulsmith@dwt.com
          gwenfanger@dwt.com

Attorneys for Plaintiff
FOREST AMBULATORY SURGICAL ASSOCIATES, L.P.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FOREST AMBULATORY SURGICAL ASSOCIATES, L.P., doing business as FOREST SURGERY CENTER,<br><br>         Plaintiff,<br><br>    v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY<br><br>         Defendant. | Case No. CV10-04911 PSG<br><br>**FIRST AMENDED COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. 1132(a)(1)(B); BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND COMMON COUNTS**<br><br>(Demand for Jury Trial) |

Plaintiff FOREST AMBULATORY SURGICAL ASSOCIATES, L.P. ("FASA"), doing business as Forest Surgery Center, for its First Amended Complaint against Defendant UNITED HEALTHCARE INSURANCE COMPANY ("United Healthcare") alleges as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction pursuant to 28 U.S.C. §1331, 21 U.S.C. §1441(a), (b) and 29 U.S.C. §1132(e)(1).

2. This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2) and 29 U.S.C. § 1132(e)(2).

**THE PARTIES**

4. FASA, doing business as Forest Surgery Center, is a California limited partnership with its principal place of business in San Jose, California.

FIRST AMENDED COMPLAINT
Case No.CV10-04911 PSG                                          1
DWT 16025125v1 0092714-000001

5. On information and belief, United Healthcare is a Connecticut corporation, which does business in California.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. FASA owns an ambulatory surgery center that provides healthcare services related to procedures performed at its facility in San Jose, California. In 2009 and 2010, FASA provided healthcare services to patients insured by United Healthcare (the "United Insureds").

7. Each of the United Insureds, patients of FASA, underwent surgery at FASA's surgery center. At the time of the surgical procedure, each United Insured was insured under a written insurance policy issued by Defendant, United Healthcare, for health benefits (the "Benefits Agreement"). Under each Benefits Agreement, United Healthcare promised to pay for certain costs of health care services incurred by the United Insureds, including surgical services provided by FASA.

8. As stated in United Heathcare's Notice of Removal in this action, the United Insureds are members of employee welfare benefit plans for which United administers claims. On information and belief, United Healthcare is the administrator for the employee welfare benefit plans.

9. On information and belief, the Benefits Agreements include employee welfare benefit plans covered by the Employee Retirement Income Security Act ("ERISA") (the "ERISA Plans") and non-employee benefit plans (the "Non-ERISA Plans").

10. Between February, 2009 and August 2010 (the "Relevant Period"), FASA provided surgical services to 139 United Insureds for which it has yet to be paid or has only partially been paid.

11. On or about the time of the surgical procedures, each of the United Insureds executed a written assignment of benefits to FASA (the "Assignment of Benefits"), under which each United Insured authorized FASA, as his or her assignee, to bill the United Insured's insurance carrier, United Healthcare, directly on his or her behalf.

12. Pursuant to the Assignment Agreements with the United Insureds, during the Relevant Period, FASA timely submitted 139 claims for payment to United Healthcare for

2

FIRST AMENDED COMPLAINT
Case No. CV10-04911 PSG
DWT 16025125v1 0092714-000001

$3,355,479, the total amount of charges incurred by the United Insureds as a result of services provided to the United Insureds by FASA (the "Claims").

13. To-date, United Healthcare has remitted only partial payment for the Claims and over $1,500,000 remains due and owing to FASA under the Benefits Agreements. The exact amount owed to FASA is to be proven at trial.

14. On or about May 27, 2010, FASA, through its attorneys, demanded payment from United Healthcare in the amount of $263,940 for the balance of a portion of the unpaid and partially paid Claims for services provided by FASA to some of the United Insureds. United Healthcare failed to respond and on September 1, 2010, FASA again, through its attorneys, sent a second demand for payment of a portion of the Claims. As of the date of filing of the Complaint, United Healthcare had not responded to either of FASA's demands for payment and FASA deemed it futile to continue to try and demand payment for the remaining Claims.

15. As of the filing of this First Amended Complaint, United Healthcare has not paid its outstanding obligations to FASA for any of the outstanding Claims for services provided by FASA to the United Insureds.

**FIRST CAUSE OF ACTION**
**(Recovery of Benefits, 29 U.S.C. §1132(a)(1)(B))**

16. FASA incorporates by reference paragraphs 1 through 15 above as if fully set forth herein.

17. Under the terms of the relevant written ERISA Plans and written Assignment Agreements, United Healthcare was obligated to pay FASA the amount of the Claims submitted under the ERISA Plans for the procedures performed by FASA's medical staff for the United Insureds.

18. United Healthcare failed to pay FASA for the Claims.

19. Under 29 U.S.C. §1132(a)(1)(B), FASA is entitled to recover benefits due it under the terms of the ERISA Plans and the Assignment Agreements and to enforce its rights under the terms of the ERISA Plans and the Assignment Agreements in an amount estimated to exceed

3

FIRST AMENDED COMPLAINT
Case No. CV10-04911 PSG
DWT 16025125v1 0092714-000001

$1,500,000, the exact amount to be proven at trial, plus interest at the maximum rate permitted by law.

## SECOND CAUSE OF ACTION
**(Breach of Contract)**

20. FASA incorporates by reference paragraphs 1 through 19 above as if fully set forth herein.

21. Under the terms of both the relevant written Benefits Agreements for the Non-ERISA Plans and the Assignment Agreements, United Healthcare was obligated to pay the charges for the procedures performed by FASA's medical staff for the United Insureds.

22. United Healthcare's failure to pay FASA constitutes a direct breach of the Benefits Agreements for the Non-ERISA Plans.

23. On information and belief, the United Insureds and FASA satisfied all conditions and obligations under the Benefits Agreements with United Healthcare for the Non-ERISA Plans, including but not limited to paying all premiums owed to United Healthcare and obtaining all necessary prior authorizations for the procedures.

24. As a direct and proximate result of United Healthcare's breach of the Benefits Agreements for the Non-ERISA Plans, FASA has been damaged in an amount estimated to exceed $1,500,000, the exact amount to be proven at trial, plus interest at the maximum rate permitted by law.

## THIRD CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

25. FASA incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26. Under the Benefits Agreements for the Non-ERISA Plans between United Healthcare and the United Insureds, United Healthcare was required to pay for health care services received by those patients.

27. An implied covenant of good faith and fair dealing existed between United Healthcare and both the United Insureds and FASA.

28. Upon information and belief, the United Insureds and FASA satisfied all conditions and obligations under the Benefits Agreements for the Non-ERISA Plans with United Healthcare, including but not limited to paying all premiums owed to United Healthcare and obtaining all necessary prior authorizations for the surgical procedures.

29. United Healthcare's failure to pay FASA for its usual, customary, and reasonable charges was done willfully and in bad faith. United Healthcare's failure to pay constitutes a breach of the implied covenant of good faith and fair dealing.

30. As a direct and proximate result of United Healthcare's breach of the implied covenant of good faith and fair dealing, FASA has been damaged in an amount estimated to exceed $1,500,000, the exact amount to be proven at trial, plus interest at the maximum rate permitted by law. FASA also seeks exemplary punitive damages for United Healthcare's bad faith violation of the implied covenant of good faith and fair dealing.

**FOURTH CAUSE OF ACTION**
**(Common Counts)**

31. FASA incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. United Healthcare is indebted to FASA pursuant to the respective Assignment Agreements executed by the United Insureds for the balance on the remaining unpaid Claims under the Non-ERISA Plans in an amount estimated to exceed $1,500,000, the exact amount to be proven at trial.

33. FASA demanded payment in full from United Healthcare for a portion of the Claims on or about May 27, 2010 and September 1, 2010. United Healthcare failed to respond in any way.

34. There remains due and owing to FASA over $1,500,000, the exact amount to be proven at trial, plus interest at the maximum rate permitted by law.

**DEMAND FOR JURY TRIAL**

35. Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, FASA prays for judgment against United Healthcare as follows.

On the First Cause of Action for Recovery of Benefits:

(1) For compensatory damages over $1,500,000, the exact amount to be proven at trial and

(2) For interest at the maximum legal rate permitted by law.

On the Second Cause of Action for Breach of Contract:

(1) For compensatory damages over $1,500,000, the exact amount to be proven at trial and

(2) For interest at the maximum legal rate permitted by law.

On the Third Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing:

(1) For compensatory damages over $1,500,000, the exact amount to be proven at trial;

(2) For exemplary punitive damages; and

(3) For interest, attorney fees, and costs in an amount according to proof.

On the Fourth Cause of Action for Common Counts:

(1) For a principal sum for unpaid and partially paid claims to be proven at trial; and

(2) For interest on the principal sum at the maximum rate permitted by law.

On all causes of action:

(1) For reasonable attorney fees;

(2) For costs of suit; and

(3) For such other and further relief as the Court may deem proper.

DATED this 17th day of December, 2010.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Gwen Fanger*
Gwen Fanger

Attorneys for Plaintiff
FOREST AMBULATORY SURGICAL ASSOCIATES, L.P.

6

FIRST AMENDED COMPLAINT
Case No. CV10-04911 PSG
DWT 16025125v1 0092714-000001