United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FOREST AMBULATORY SURGICAL
ASSOCIATES, L.P.,

    Plaintiff,

v.

UNITED HEALTHCARE INSURANCE
COMPANY et al.,

    Defendants.

_____/

CASE NO. 5:10-CV-04911-EJD

**ORDER TRANSFERRING CASE**

Currently pending before the court are two motions brought by all of the defendants that have appeared in this action: (1) an administrative motion to renew the request for change of venue, and (2) a motion to dismiss the Second Amended Complaint for failure to state a claim. For the reasons set forth below, the case is transferred to the Central District of California, the administrative motion is dismissed as moot, and the motion to dismiss is terminated without prejudice.

**I. BACKGROUND**

**A. Underlying Facts**

Forest Ambulatory Surgical Associates ("Forest") is a healthcare services provider that operates a surgery center in San Jose. Second Am. Compl. ("SAC") ¶¶ 3, 146. Defendants UnitedHealth Group, Inc., United HealthCare Services, Inc., United Healthcare Insurance Company,

1

1   and Ingenix, Inc. (the "United Defendants") are various corporate entities that operate together as

2   part of one of the largest health insurance carriers in the United States. Id. ¶¶ 4–7. The remaining

3   defendants are a variety of health plans (and the plans' administrators and sponsors) which have

4   contracted the United Defendants to administer many of their insurance services. Id. ¶¶ 9–140. The

5   great majority of the health plans are governed by ERISA. Id. ¶¶ 9–132.

6       Like many insurance carriers, United has a network of providers with which it has negotiated

7   price agreements. United passes some of its savings from in-network providers on to members of the

8   health plans, who are in turn more likely to use those providers. Id. ¶ 162. Forest is not in United's

9   network, so it is an out-of-network provider with respect to each of the defendant health plans. Id.

10  ¶ 146. In-network providers can presumably bill the insurance carrier directly for services performed

11  on member patients; out-of-network providers like Forest obtain assignments of the patient's

12  individual claim and then pursue the claim on the patient's behalf. Id. ¶¶ 141–45. According to the

13  complaint, the defendant health plans, acting through the United Defendants, have systematically

14  underpaid Forest for its patients' claims. Id. ¶¶ 153–214.

15      **B. Procedural History**

16      Forest initially brought this action in California superior court as a breach of contract case

17  against only United Healthcare Insurance Company. Notice of Removal, Oct. 29, 2010, ECF No. 1.

18  The case was removed to this court on the basis of ERISA preemption in October 2010. Id. Forest

19  amended the complaint to expressly plead a cause of action for recover of benefits under ERISA.

20  First Am. Compl. ("FAC") ¶¶ 16–19, Dec. 17, 2010, ECF No. 11.

21      United Healthcare moved to dismiss the FAC and to transfer the case to the Central District

22  of California, where a number of other actions involving United's reimbursement methodologies are

23  pending. One of the cases in the Central District—the "Downey Action"[1]—is a class action brought

24  on behalf of healthcare providers like Forest who claim to have been under-reimbursed by United;

25  another is a multi-district litigation about out-of-network reimbursement practices in which the

26

27

28

---

[1] Case no. 2:09-CV-05457-PSG-CT, U.S. District Court for the Central District of California.

2

CASE NO. 5:10-CV-04911-EJD
ORDER TRANSFERRING CASE

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  United Defendants were named along with many other major insurance carriers.[2] At the time of

2  United filed its motions in this case, the Downey Action was stayed pending resolution of an issue in

3  the multi-district litigation.

4      Shortly after United Healthcare filed its motions to dismiss and to transfer, Forest hired the

5  attorneys who represent the putative class in the Downey Action. See Mot. Substitute Att'y, Feb. 23,

6  2011, ECF No. 30. Following the reassignment of this case between judges in this district, ECF No.

7  43, Forest's new counsel argued against United's motions at a hearing on June 24, 2011. ECF No.

8  46. This court granted United's motion to dismiss the complaint with leave to amend and denied the

9  motion to transfer. ECF No. 47.

10      In denying the transfer, this court balanced the efficiencies and conveniences of having all

11  the cases in one district against the prejudice to Forest of having its relatively simple case bound up

12  with the more complicated actions in the Central District. Order at 1–4, July 13, 2011, ECF No. 47.

13  The order expressly authorized United to seek leave to renew its request to transfer the case if the

14  underlying circumstances were to change.

15      In the eight months since a transfer was declined, the pleadings have been developed and this

16  case has progressed significantly: Forest filed a second amended complaint, correcting deficiencies

17  and naming many new defendants; Forest spent months serving the new defendants; certain

18  defendants have moved to dismiss the new complaint; and this new motion has been fully briefed.

19  United—along with all the other new defendants which have appeared in this action—now seek

20  leave to renew the request for a change of venue.

21

22                  **II. LEGAL STANDARD**

23      Pursuant to 28 U.S.C. § 1404(a), a change of venue is proper if the court determines that the

24  action "might have been brought" in the transferee court, and the convenience of the parties and

25  witnesses in the interests of justice favor transfer. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th

26

27      [2] In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litigation, Case No. 2:09-ML-02074-

28  PSG-FFM, U.S. District Court for the Central District of California. The United Defendants appear
to have been dismissed from that litigation. See ECF Nos. 239–40 on the MDL docket.

CASE NO. 5:10-CV-04911-EJD
ORDER TRANSFERRING CASE

1   Cir. 1985). If the court finds that the first prong of the § 1404(a) analysis is satisfied, it has

2   discretion to engage in an "individualized, case-by-case consideration of convenience and fairness."

3   Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh

4   Corp., 487 U.S. 22, 29 (1988)).        A court may transfer a case on its own motion. See Muldoon v.

5   Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993).

6

7                                    **III. DISCUSSION**

8       **A. Procedural Concerns Regarding Transfer**

9           It would seem strange to transfer this case incident to a grant of defendants' administrative

10  motion, since that motion merely requests leave to renew the request for a change of venue. But the

11  court can—and will—transfer the case on its own motion. Arguments have already been presented

12  on the issue once (on the first motion to transfer), and to the extent their positions have changed the

13  parties have had the opportunity to outline any developments in the abbreviated briefing permitted

14  on the defendants' administrative motion.[3] Because of this history, any concern about transferring

15  the case without notice would be unfounded.

16      **B. Merits of the Transfer Analysis**

17          Forest and its counsel have made good use of the time that the denial of United's first

18  transfer motion afforded them: this case has caught up to the Downey Action. The convenience of

19  coordinating the two actions is greater now than it was eight months ago precisely because the cases

20  are at approximately the same stage.

21          The cases are now also more closely related. At the time of United's first motion to transfer,

22  this was a smaller case: it involved the claims of only 139 patients over an eighteen-month period.

23  FAC ¶ 10. The second amended complaint expands the scope of the case to an indeterminate number

24  of reimbursement claims dating back to 2007. Moreover, the SAC adds two more causes of action

25  under ERISA which are also pleaded in the Downey Action. In short, the SAC more closely

26  _____

27          [3] Indeed, Plaintiff seems to acknowledge that the result of the administrative motion might be
    transfer. See Pl.'s Opp. Defs.' Admin. Mot. Renew Req. Change Venue at 3, March 14, 2012, ECF
28  No. 99 ("Forest respectfully requests that the Court deny the Moving Defendants [sic] renewed
    motion to transfer this action to the Central District of California.").

CASE NO. 5:10-CV-04911-EJD
ORDER TRANSFERRING CASE

United States District Court
For the Northern District of California

1  resembles the Central District complaint, and there appears to be significant overlap in the factual

2  and legal questions presented.

3      The Downey Action is still more complicated than this case—it is a putative class action, and

4  pleads two RICO counts which are not at issue here. But it is ready to move: the stay was lifted in

5  October 2011, and in January 2012 the Central District court took under submission a motion to

6  dismiss that raises many of the same issues as the pending motion to dismiss in this case. Allowing

7  Forest's case to get ahead—for example, by ruling on the motion to dismiss pending before this

8  court—would create a risk of inconsistent rulings.

9      Finally, net judicial resources will be conserved by a change of venue. Judge Gutierrez in the

10  Central District has experience handling insurance reimbursement issues involving the United

11  Defendants by virtue of presiding over the MDL and the Downey Action; he is best situated to

12  review and rule on the claims pending in this case as well.

13      In sum, the relationship between the two cases has changed sufficiently that the interests of

14  justice favor a transfer.

15

16                                   **IV. ORDER**

17      Good cause therefor appearing, IT IS HEREBY ORDERED that this case be

18  TRANSFERRED to the United States District Court for the Central District of California pursuant

19  to 28 U.S.C. § 1404(a). The pending administrative motion to renew request for change of venue is

20  DISMISSED AS MOOT, and the motion to dismiss the second amended complaint is

21  TERMINATED WITHOUT PREJUDICE. That motion may be re-noticed before the recipient court

22  in the Central District.

23  **IT IS SO ORDERED.**

24  Dated:  March 29, 2012

25                                   EDWARD J. DAVILA
                                     United States District Judge

26

27

28

*United States District Court*
For the Northern District of California

CASE NO. 5:10-CV-04911-EJD
ORDER TRANSFERRING CASE